# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KLAUMENZER; SARAH KLAUMENZER; NATALIE KLAUMENZER, a minor, through guardian ad litem; and NIXXON KLAUMENZER, a minor, through guardian ad litem,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LIBERTY MILITARY HOUSING HOLDING LLC; SAN DIEGO FAMILY HOUSING LLC, LINCOLN MILITARY PROPERTY MANAGEMENT LP; LMH SAN DIEGO PROPERTY MANAGEMENT GP INC.; and DOES 1 through 50 inclusive,<br><br>　　　　　Defendant. | Case No.: 25-cv-02244-BEN-VET<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE (ECF NO. 11), GRANTING LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT (ECF NO. 9), AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS AS MOOT (ECF NO. 2)** |

///
///
///
///
///

### INTRODUCTION

Before the Court are three matters: (1) Defendants' motion to strike Plaintiffs' First Amended Complaint (ECF No. 11); (2) Plaintiffs' request for leave to file a First Amended Complaint (ECF Nos 9, 12); and (3) Defendants' motion to dismiss (ECF No. 2). Plaintiffs Sarah and Eric Klaumenzer and their minor children Nixxon and Natalie Klaumenzer as *guardian ad litem* bring this action against San Diego Family Housing, LLC, *et al.* arising from alleged uninhabitable conditions at a residential property. For the reasons set forth below, the Court DENIES Defendants' motion to strike, GRANTS Plaintiffs' request for leave to amend, and DENIES WITHOUT PREJUDICE Defendants' motion to dismiss as moot.

### BACKGROUND

#### A. Factual Background

Sarah Klaumenzer, an employee of the United States Navy, and her husband, Eric, have five children. On June 6, 2020, Sarah Klaumenzer signed a lease for the property located at 4528 Gainard Way, San Diego, California 92124. In March 2024, Plaintiffs vacated the property, alleging health concerns stemming from excessive moisture intrusion, elevated levels of bio-irritants, volatile organic compounds, severe microbial contamination, mold, and other aerotoxins associated with damp conditions.

#### B. Procedural History

Plaintiffs filed this action is California Superior Court. Defendants removed the case to this Court on August 28, 2025. On September 4, 2025, Defendants filed a motion to dismiss, asserting defects in the manner of service and failure to state a claim, along with a request for judicial notice in support.

On October 6, 2025, Plaintiffs filed a response to Defendants' motion to dismiss. Within that response, Plaintiffs included a request for leave to file an amended complaint and attached a proposed First Amended Complaint. Plaintiffs did not file a separate motion for leave to amend but instead consolidated their request within their opposition brief.

On October 10, 2025, Defendants filed a reply in support of their motion to dismiss. (ECF No. 8). Defendants included a Supplemental Request for Judicial Notice containing a Certificate of Amendment from the State of Delaware and a Certificate of Limited Partnership of Lincoln Military Property Management LP.

On October 17, 2025, Plaintiffs filed a revised proposed First Amended Complaint ("FAC").

On October 31, 2025, Defendants filed a motion to strike Plaintiffs' FAC. Plaintiffs filed a response on November 24, 2025, and Defendants filed a reply on December 1, 2025.

**LEGAL STANDARD**

Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleadings once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain either leave of the court or the written consent of the adverse party to amend. Fed. R. Civ. P. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. Civ. P. 15(a)).

The general policy provided by Rule 15(a)(2) that the court should freely give leave "when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Capital,*

*LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a). . . to facilitate decisions on merits, rather than on technicalities or pleadings." *James v. Pillar*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981)). Absent prejudice or strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citation omitted).

**ANALYSIS**

**A. Leave to Amend**

Plaintiffs seek leave to amend for two reasons: (1) discovery of additional clarifying information regarding the corporate identity and ownership of "Liberty Housing" and its related entities; and (2) correction of a misnomer in the naming of the corporate entities by adding interrelated corporate defendants. (ECF No. 7 at 7.) Plaintiffs seek to add Lincoln Military Property Management LP, LMH Military Property Management LP, and LMH San Diego Property Management GP Inc. as defendants, alleging these entities owned, maintained, controlled, and managed the property at issue under the brand names "Liberty Military Housing" and "Lincoln Military Housing."

Although Plaintiffs did not file a separate motion for leave to amend, the Court may consider their request in the interest of judicial efficiency. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Here, Plaintiffs first learned of the additional related entities when Defendants filed their motion to dismiss on September 4, 2025. (ECF No. 12 at ¶8.) Plaintiffs contend Defendants' motion referenced these entities in attached documents. (*Id.*) Plaintiffs then filed a proposed FAC on October 6, 2025, and a revised proposed FAC on October 17, 2025, after Defendants' Supplemental Request for Judicial Notice revealed the existence of LMH San Diego Property Management GP, Inc. (*Id.* at ¶¶ 7-9.)

Moreover, Defendants' own filing supports Plaintiffs' position that the corporate structure created confusion. In their motion to dismiss, Defendants stated that "Lincoln Military Housing did not change its name to Liberty Housing until October 2021." (ECF No. 2-1 at 3.) Defendants also acknowledge that the involved corporate entities are separate, although intertwined. (*See* ECF Nos. 8 at 3-4; Nos. 8-1 at 2, Ex. 6.) The interchangeable use of names by these entities, coupled with the name changes and overlapping corporate structures, demonstrates the difficulty Plaintiffs faced in identifying the proper defendants.

Applying the *Foman* factors, the Court finds no evidence of undue delay, bad faith, or dilatory motive, undue prejudice, or futility.[1] Plaintiffs sought to amend promptly after learning of the additional entities through Defendants' own filing. As to prejudice—the most important factor—Defendants bear the burden of demonstrating it and have not done so here. *See DCD Programs*, *Ltd*., 833 F.2d at 187. This case remains in its early stages, and permitting amendment will not unduly prejudice Defendants.

Accordingly, the Court GRANTS Plaintiffs' request for leave to file the First Amended Complaint submitted on October 17, 2025.

**B. Motion to Strike**

Defendants move to strike Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(f). Because the Court grants leave to amend, the FAC filed on October 17, 2025, is properly before the Court. Defendants' motion to strike is therefore DENIED.

**C. Motion to Dismiss**

Defendants' motion to dismiss (ECF No. 2) was directed at Plaintiffs' original complaint. Because the Court grants leave to amend and the FAC supersedes the original complaint as of October 17, 2025, the motion to dismiss is DENIED WITHOUT

---

[1] *Foman*, 371 U.S. at 182 ("[T]he leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

PREJUDICE AS MOOT. Defendants may file a new motion directed at the operative FAC.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Strike (ECF No. 11) is **DENIED**.
2. Plaintiffs' request for leave to amend is **GRANTED**. The First Amended Complaint **shall be served** upon the newly named defendants: Lincoln Military Property Management LP, LMH Military Property Management LP, and LMH San Diego Property Management GP, Inc.
3. The Clerk is **DIRECTED** to issue a summons as to the First Amended Complaint, which shall be served upon the newly named defendants: Lincoln Military Property Management LP, LMH Military Property Management LP, and LMH San Diego Property Management GP, Inc.
4. Defendants' Motion to Dismiss (ECF No. 2) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**IT IS SO ORDERED.**

DATED:   January 14, 2026

**HON. ROGER T. BENITEZ**
United States District Judge